UNITED STATES BANKRUPTCY COURT　　　　　　　NOT FOR PUBLICATION
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
In re

    NORSE ENERGY CORP. USA,
    a Corporation　　　　　　　　　　　　　　　　　Case No. 12-13685 B

                           Debtor
-------------------------------------------------------------------
Mark S. Wallach, as Chapter 7 Trustee of
Norse Energy Corp. USA

                           Plaintiff

           -vs-　　　　　　　　　　　　　　　　　　　AP No. 14-1092 K

AIG Europe Limited
                         Defendant
-------------------------------------------------------------------

William F. Savino, Esq.
Bernard Schenkler, Esq.
Woods Oviatt Gilman LLP
1900 Main Place Tower
350 Main Street
Buffalo, NY 14212

Attorneys for Plaintiff


Marc S. Voses, Esq.
Kaufman Dolowich & Voluck LLP
60 Broad St., Ste. 3600A
New York, NY 10004

Attorney for Defendant

Now that the parties agree that the law of Norway would control all of the substantive issues in this A.P. even if it were clear (and it is not) that courts of Norway would venue it here, it is clear to this Court that an appropriate court of Norway must decide where and how the subject matter of this A.P. shall proceed, if at all. Perhaps such a court will rule (under Norwegian law) that only the defendants in A. P. No. 13-1061 K may sue AIG Europe. (See letter brief from Counsel for Defendant dated December 21, 2016 at Docket No. 60, arguing that "[t]he Insurance Adversary Proceeding is not, in fact, a 'direct action'. ") Perhaps such a court will utilize any applicable channels (diplomatic or otherwise, or under Norway's equivalent of Chapter 15, U.S. Code) to seek aid here. Possibly there is a U.S. judge somewhere outside the Western District of New York who is fluent in Norwegian and educated as to the laws of Norway, who could be assigned to hear it here if the court of Norway orders that the matter be heard here.

Choice-of-forum clauses should be honored by this Court unless the objecting party makes a "strong showing" that at least one of the prongs of the four-part analysis adopted by the Supreme Court in the case of *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1 (1972) applies. None of the inquiries in the *Bremen* test apply in this case with the possible exception of the inconvenience of trying this case in Norway. This argument was raised in the Eleventh Circuit case of *Lipcon v. Underwriters of Lloyd's, London*, 148 F.3d 1285(1998) and the Court held, "We will not invalidate choice clauses, however, simply because the remedies available in the contractually chosen forum are less favorable than those available in the courts of the United States. Instead, we will declare unenforceable

choice clauses only when the remedies available in the chosen forum are so inadequate that enforcement would be fundamentally unfair." Citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) and *Roby v. Corporation of Lloyd's*, 996 F.2d 1353 (2d Cir. 1993)." There has been no showing that this would be the case in this action.

This Court chooses to honor the choice of forum clause designating the court of Norway as the appropriate forum for the reasons stated above.

## CONCLUSION

The Motion to dismiss should be granted, but perhaps a suitable action in Norway must be commenced first. Because of this Court's concerns about how an outright and abrupt dismissal might inadvertently complicate further proceedings, the parties are directed to attempt to agree to the form of a suitable order.

SO ORDERED.

Dated:   Buffalo, New York
         January 17, 2017

                                                    s/Michael J. Kaplan
                                                    U.S.B.J.